IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JEFFREY KAUFMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>ARNOLD A. ALLEMANG, JACQUELINE K. BARTON, JAMES A. BELL, JEFF M. FETTIG, JOHN B. HESS, ANDREW N. LIVERIS, PAUL POLMAN, DENNIS H. REILLEY, JAMES M. RINGLER, RUTH G. SHAW, WILLIAM WEIDEMAN, JOE HARLAN, CHARLES KALIL, GEOFFERY MERSZEI, and THE DOW CHEMICAL COMPANY,<br><br>    Defendants. | C.A. No.13-359-SLR |

**PLAINTIFF'S BRIEF IN SUPPORT OF THE**
**<u>MOTION FOR REARGUMENT</u>**

Dated: October 14, 2014

Of Counsel:

BARRACK, RODOS & BACINE
Alexander Arnold Gershon
Michael A. Toomey
425 Park Avenue, Suite 3100
New York, New York 10022
Tel.: (212) 688-0782

BARRACK, RODOS & BACINE
Daniel E. Bacine
3300 Two Commerce Square
2001 Market Street
Philadelphia, Pennsylvania 19103
Tel: (215) 963-0600

Brian E. Farnan (Bar No. 4089)
Rosemary J. Piergiovanni (Bar No. 3655)
FARNAN LLP
919 N. Market Street, 12th Floor
Wilmington, Delaware 19801
Tel.: (302) 777-0300
bfarnan@farnanlaw.com
rpiergiovanni@farnanlaw.com

*Attorneys for Jeffrey Kaufman*

## **TABLE OF CONTENTS**

NATURE AND STAGE OF THE PROCEEDINGS ................................................................... 1

ARGUMENT .................................................................................................................................. 2

    I.    Reargument Should Be Granted When There Is Clear Error ............................................ 2

    II.    The 2011 10-K Is Not Part of the 2012 Proxy Statement and Therefore It Must Be Disregarded for Purposes of Determining Whether the 2012 Proxy Statement Violated Section 14(a) or the Rules Promulgated Thereunder .......................................................... 3

CONCLUSION ............................................................................................................................... 7

# TABLE OF CITATIONS

**Cases**

*BP Amoco Chem. Co. v. Sun Oil Co.*, 200 F. Supp. 2d 429 (D. Del. 2002) .................................. 2

*Ciena Corp. v. Corvis Corp.*, 352 F. Supp. 2d 526 (D. Del. 2005) ................................................ 2

*Dillon v. Berg*, 326 F. Supp. 1214 (D. Del. 1971) *aff'd*, 453 F.2d 876 (3d Cir. 1971) ........... 5, 6, 7

*Hulliung v. Bolen*, 548 F. Supp. 2d 336 (N.D. Tex. 2008) ............................................................ 5

*Kostyshyn v. Markell*, CIV. 11-551-SLR, 2012 WL 752397 (D. Del. Mar. 7, 2012) .................... 2

*Markewich v. Adikes*, 422 F. Supp. 1144 (E.D.N.Y. 1976) ........................................................... 5

*Max's Seafood Cafe v. Quinteros*, 176 F.3d 669 (3d Cir. 1999) .................................................... 2

*Morningred v. Delta Family-Care & Survivorship Plan*, 790 F. Supp. 2d 177 (D. Del. 2011) ..... 2

*N. Ins. Co. of N.Y. v. Aardvark Assocs.*, 942 F.2d 189 (3d Cir. 1991) ........................................... 3

*New Castle Cnty v. Hartford Accident and Indem. Co.*, 933 F.2d 1162 (3d Cir. 1991) ................. 2

*Priest v. State*, 879 A.2d 575 (Del. 2005) ...................................................................................... 6

*Resnik v. Woertz,* 774 F. Supp. 2d 614 (D. Del. 2011) ................................................................... 3

*Seinfeld v. Becherer*, 461 F.3d 365 (3d Cir. 2006) ........................................................................ 3

*Shaev v. Saper*, 320 F.3d 373 (3d Cir. 2003) ................................................................................. 4

*Shintom Co. v. Audiovox Corp.*, 888 A.2d 225 (Del. 2005) ........................................................... 6

*United States v. White*, No. CR. 01-434-1, 2002 WL 32351115 (E.D. Pa. June 27, 2002) ........... 3

*Walt v. State*, 727 A.2d 836 (Del.1999) ......................................................................................... 6

**Statutes**

Securities Exchange Act of 1934, § 14(a), 15 U.S.C. § 78n(a) (2006) ...................................... 1, 3

**Rules**

FRCP Rule 12(b) ............................................................................................................................ 1

FRCP Rule 59(e) ............................................................................................................................ 2

D. Del. L.R. 7.1.5 ........................................................................................................................... 2

## TABLE OF CITATIONS (cont'd)

**Regulations**

SEC Rule 14(a)-9, 17 C.F.R. § 240.14a-9 (2011).......................................................................... 1

SEC Schedule 14A, 17 C.F.R. § 240.14a-101 (Item 10(a))....................................... 1, 2, 3, 5, 6, 7

SEC Rule 14a-3, 17 C.F.R. § 240.14a-3 (2011) ...................................................................4, 5, 6

**Other**

Black's Law Dictionary (rev. 4th ed. 1968) ......................................................................................5

## NATURE AND STAGE OF THE PROCEEDINGS

This is a stockholder's derivative action concerning The Dow Chemical Company ("Dow" or the "Company"), a Delaware corporation, based on a sequence of alleged materially false or misleading proxy statements that contravened Securities and Exchange Commission ("SEC") Rule 14(a)-9, 17 C.F.R. § 240.14a-9 (2011), and omitted information expressly required by SEC Schedule 14A, 17 C.F.R. § 240.14a-101 (Item 10(a)(1)) in connection with two Company compensation plans. Plaintiff asserts that the proxy statements violated § 14(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78n(a) (2006).

Plaintiff filed the Complaint on March 5, 2013, and filed an Amended Complaint on July 19, 2013. D.I. 9. The Company and Individual Defendants, consisting of Dow's directors and most highly-compensated officers,[1] moved to dismiss the Amended Complaint on August 30, 2013. D.I. 11.

On September 30, 2014, the Court issued an opinion dismissing the Amended Complaint. D.I. 26. The Court held that pre-suit demand was required with regard to Count VI, which challenged awards and alleged misleading statements regarding the Dow Chemical Company 1988 Award and Option Plan (the "1988 Plan"). *Id.* at 13-14. The Court held, however, that pre-suit demand was excused as to Counts I-V, which challenged awards and alleged misleading statements regarding the proposal for stockholders to approve the Dow 2012 Stock Incentive Plan (the "2012 Plan"), because Dow's directors were interested in the compensation that they could be awarded under this plan. *Id.* at 13. The Court dismissed Counts I-V, nonetheless, on the merits of the claims under Rule 12(b)(6). *Id.* at 15-22.

---

[1] The Director Defendants are Defendants Allemang, Banga, Barton, Bell, Fettig, Hess, Liveris, Polman, Reilley, Ringler, and Shaw. The Named Executive Officer ("NEO") Defendants are Defendants Liveris, Weideman, Harlan, Kalil, and Merszei.

1

Plaintiff respectfully requests reargument under D. Del. L.R. 7.1.5 with regard to Count III, which alleges that Defendants failed to disclose the approximate number of persons who could receive compensation under the 2012 Plan in the Dow 2012 proxy statement ("2012 Proxy Statement").  D.I. 9 ¶¶ 69; 87.[2]  This information is important not only because 17 C.F.R. § 240.14a–101 Schedule 14A requires it to be disclosed, but also because, as this District Court has explained, it is necessary for shareholders to understand the full extent and impact of the compensation plan they are being asked to approve.

## ARGUMENT

### I.   Reargument Should Be Granted When There Is Clear Error

Reargument is proper when, among other things, it is "need[ed] to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (reversing denial of reconsideration);[3] *Morningred v. Delta Family-Care & Survivorship Plan*, 790 F. Supp. 2d 177, 192 (D. Del. 2011) (reargument appropriate where the Court identifies an error of "apprehension"); *Kostyshyn v. Markell*, CIV. 11-551-SLR, 2012 WL 752397, *1 (D. Del. Mar. 7, 2012) (reargument is proper where "the court made a decision outside the adversarial issues presented to the court by the parties").  "When such motions are based on meritorious grounds … they present the court with an opportunity to correct erroneous rulings." *BP Amoco Chem. Co. v. Sun Oil Co.*, 200 F. Supp. 2d 429, 432 (D. Del. 2002); *see*

---

[2]  Plaintiff's request for reargument is without waiver of plaintiff's other rights with respect to the September 30, 2014 Order.

[3]  A motion for reargument pursuant to D. Del. L.R. 7.1.5 is the "functional equivalent" of a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e).  *See New Castle Cnty v. Hartford Accident and Indem. Co.*, 933 F.2d 1162, 1177 (3d Cir. 1991), *abrogated on other grounds by N. Ins. Co. of N.Y. v. Aardvark Assocs.*, 942 F.2d 189 (3d Cir. 1991).  Accordingly, cases interpreting Rule 59(e) are relevant here.  *See Ciena Corp. v. Corvis Corp.*, 352 F. Supp. 2d 526, 527 (D. Del. 2005).

*also United States v. White*, No. CR. 01-434-1, 2002 WL 32351115, at *1-2 (E.D. Pa. June 27, 2002) (granting reconsideration where the court originally misconstrued the record).

> **II.** **The 2011 10-K Is Not Part of the 2012 Proxy Statement and Therefore It Must Be Disregarded for Purposes of Determining Whether the 2012 Proxy Statement Violated Section 14(a) or the Rules Promulgated Thereunder**

The Amended Complaint alleges that "[t]he 2012 Proxy Statement contravened 17 C.F.R. § 240.14a-101 Schedule 14A (Item 10(a)(1)), by failing to disclose the information specifically required by it – … the number of eligible participants in the 2012 Plan." D.I. 9 ¶ 69. In response to this allegation, Defendants argued that the omission was "immaterial" because this information was contained within the 175-page Form 10-K that Dow filed with the SEC on February 15, 2012, and the 10-K was "included as part of the proxy materials with a prominent announcement at the beginning of the 2012 Proxy Statement." D.I. 12 at 16. In response, Plaintiff argued that the omission was, in fact, material and was required to be included in the 2012 Proxy Statement, as follows:

> Defendants add that … such an omission was immaterial. D.I. 12 at 16-17 (citations omitted). This Court has squarely rejected such an argument:
>
>> ***The number of individuals in a particular class who are eligible to participate in the 2009 Plan would likely be considered material information by investors wanting to know the extent and impact of the 2009 Plan, and this information is treated as material under the regulations*** cited by [plaintiff]. The court concludes that [plaintiff] sufficiently pleads the materiality of the proxy statement's omission of how many consultants and advisors are covered by the 2009 Plan.
>
> [*Resnik v. Woertz*, 774 F. Supp. 2d 614, 631 (D. Del. 2011)]. "The 'omission of information from a proxy statement will violate [§ 14(a) and Rule 14a-9] if … the SEC regulations specifically require disclosure of the omitted information in a proxy statement.'" *Seinfeld v. Becherer*, 461 F.3d 365, 369 (3d Cir. 2006).

D.I. 16 at 16 (emphasis added). As the Third Circuit stated with regard to this specific regulation, allegations that the number of participants has been omitted from a proxy statement

3

that requests approval of a compensation plan that will reward such participants "raise[s] important questions pertaining to material violations of the Securities Exchange Commission's Regulations." *Shaev v. Saper*, 320 F.3d 373, 384 n.10 (3d Cir. 2003).

In its Opinion, the Court agreed that the Company was required to disclose in the proxy statement the number of participants in the 2012 Plan, holding that:

> The Exchange Act requires that a proxy statement seeking action regarding a compensation plan "furnish the following information:" "[I]dentify each class of persons who will be eligible to participate therein, indicate the approximate number of persons in each such class, and state the basis of such participation."

D.I. 26 at 19 (citation omitted). But the Court also held that this information was contained in the Company's Form 10-K and that the 10-K ***was part of***[4] the proxy statement, stating, "The proxy statement informed shareholders that Dow's form 10-K was included as part of the proxy statement." D.I. 26 at 20.

Plaintiff respectfully submits that this was a clear error of law. SEC regulations require that any proxy statement related to a meeting "at which directors are to be elected … shall be accompanied or preceded by an annual report to security holders…." 17 CFR § 240.14a-3(b). That said, "*[t]he report is not deemed to be 'soliciting material'* … except to the extent that the registrant specifically requests that it be treated as a part of the proxy soliciting material or

---

[4] Plaintiff respectfully submits that the Court's determination that the 10-K was part of the proxy statement was outside the adversarial issues presented to the court by the parties. Defendants had admitted that "the approximate number of employees was not stated explicitly in the 2012 Proxy Statement…," D.I. 12 at 16, and Plaintiff had responded that material not included in a proxy statement "'is generally not charged to the knowledge of the stockholder'" even if it is filed with the SEC. D.I. 16 at 15 (quoting *Shaev v. Saper*, 320 F.3d 373, 381-82 (3d Cir. 2003) (citations omitted)). Therefore, the parties agreed the omitted information was not part of the proxy statement.

4

incorporates it in the proxy statement … by reference." 17 CFR § 240.14a-3(c) (emphasis added).[5] But the regulation's permission to incorporate by reference is not unlimited.

Incorporation by reference of information about the number of participants in a compensation plan is not permitted by the SEC regulations here. The information at issue was specifically governed by 17 C.F.R. § 240.14a–101 Schedule 14A, which provides that "***Information may be incorporated by reference only*** in the manner and ***to the extent specifically permitted in the items of this schedule***." 17 C.F.R. § 240.14a–101 Schedule 14A (Note D) (emphasis added).[6]

Item 10 of 17 C.F.R. § 240.14a–101 Schedule 14A deals with compensation plans. It provides, *inter alia*, that the proxy statement must indicate the approximate number of participants in a plan that is subject to a shareholder vote. The Amended Complaint alleges that this information about the 2012 Plan was omitted from the 2012 Proxy Statement. ***Significantly, incorporation by reference is not permitted in Item 10***. Thus, under Note D of 17 C.F.R. § 240.14a–101 Schedule 14A, incorporation by reference is not allowed. In contrast, other "Items" in 17 C.F.R. § 240.14a–101 Schedule 14A that require disclosure of material facts within a proxy statement ***do allow*** such information to be "incorporated by reference" rather than to be expressly stated in the proxy statement. Such "Items" include: Item 7, relating to directors and executive officers; Item 13, relating to financial and other information; and Item 14, relating to

---

[5] Indeed, the mere mention of the annual report in the proxy statement does not incorporate it by reference. *Markewich v. Adikes*, 422 F. Supp. 1144, 1147 (E.D.N.Y. 1976) ("Absent a specific declaration of incorporation, a mere mention of the annual report does not incorporate it by reference, cf. Black's Law Dictionary 907 (rev. 4th ed. 1968); otherwise, an annual report would automatically be incorporated by reference in any proxy statement which ever recognized the existence of, or merely accompanies, an annual report."); *see also Hulliung v. Bolen*, 548 F. Supp. 2d 336, 340 (N.D. Tex. 2008) (same); *Dillon v. Berg*, 326 F. Supp. 1214, 1230-31 (D. Del. 1971) *aff'd*, 453 F.2d 876 (3d Cir. 1971) (same).

[6] 17 C.F.R. § 240.14a–101 Schedule 14A is annexed hereto in its entirety, as Exhibit A.

mergers, consolidations, acquisitions and similar matters. For these three Items, the rule specifically permits "incorporation by reference" to, *e.g.*, a company's annual report on Form 10-K. *See* 17 C.F.R. § 240.14a–101 Schedule 14A (Items 7(e) & (f), 13(b) and 14(e)). For Item 10, "incorporation by reference" is not allowed. *See* 17 C.F.R. § 240.14a–101 Schedule 14A (Note D).

Since the rule specifically allows for incorporation by reference with regard to some information, but does not allow incorporation by reference with regard to the number of participants in a compensation plan, this Court should not hold that information about the number of participants in the 2012 Plan was disclosed in the 2012 Proxy Statement simply because it was contained in the 10-K. *See Priest v. State*, 879 A.2d 575, 584 (Del. 2005) (a common rule of statutory interpretation is "*expressio unius est exclusio alterius*-the expression of one thing is the exclusion of another"); *see also Shintom Co. v. Audiovox Corp.*, 888 A.2d 225, 230 (Del. 2005); *Walt v. State*, 727 A.2d 836, 840 (Del.1999).[7]

There is also nothing to indicate that Dow "specifically request[ed]" that the SEC consider the annual report to be part of the proxy statement as provided by 17 CFR § 240.14a-3(c)'s other exception. *See Dillon*, 326 F. Supp. at 1230. Moreover, it would be antithetical to the specific "incorporation by reference" requirements of 17 C.F.R. § 240.14a–101 Schedule 14A (Note D) if Dow could avoid these requirements altogether by "specifically request[ing]" that the entire annual report on Form 10-K be generally considered part of the proxy statement.

---

[7] Even if Item 10 had allowed for incorporation by reference – which it does not – Defendants did not follow the rule for incorporating information by reference for the items required by 17 C.F.R. § 240.14a–101 Schedule 14A. Indeed, for any such items that permit "incorporation by reference" – such as Items 7, 13 and 14 – the rule requires that when "incorporating any documents, or portions of documents, [the company] shall include a statement on the last page(s) of the proxy statement as to which documents, or portions of documents, are incorporated by reference." 17 C.F.R. § 240.14a–101 Schedule 14A (Note D, 1). The 2012 Proxy Statement did not contain any such "last page(s)" incorporating any part of the annual report or 10-K.

6

Such a result would mean that 17 C.F.R. § 240.14a–101 Schedule 14A (Note D)'s requirements were essentially meaningless; the requirements could be avoided altogether simply by requesting that the annual report be considered part of the proxy statement.  A company cannot evade the SEC's rigorous rules for incorporating non-proxy-soliciting material into a Schedule 14A instrument merely by referring to it in the first few pages of the proxy statement.

Therefore, under the settled law in this District and Circuit, "the annual report must be disregarded for purposes of determining whether the proxy materials violated Section 14(a) or the rules promulgated thereunder." *Dillon*, 326 F. Supp. at 1231 (emphasis added).

## CONCLUSION

For the foregoing reasons, Plaintiff submits that it was clear error to hold that the 10-K was "included as part of the proxy statement." Accordingly, plaintiff requests reargument and respectfully submits that the Court should reconsider its ruling concerning Count III.

Dated: October 14, 2014

Of Counsel:

BARRACK, RODOS & BACINE
Alexander Arnold Gershon
Michael A. Toomey
425 Park Avenue, Suite 3100
New York, New York 10022
Tel.: (212) 688-0782

BARRACK, RODOS & BACINE
Daniel E. Bacine
3300 Two Commerce Square
2001 Market Street
Philadelphia, Pennsylvania 19103
Tel: (215) 963-0600

Respectfully submitted,

FARNAN LLP

/s/ Rosemary J. Piergiovanni
Brian E. Farnan (Bar No. 4089)
Rosemary J. Piergiovanni (Bar No. 3655)
919 N. Market Street, 12th Floor
Wilmington, Delaware 19801
Tel.: (302) 777-0300
bfarnan@farnanlaw.com
rpiergiovanni@farnanlaw.com

*Attorneys for Jeffrey Kaufman*