## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

JEFFREY KAUFMAN,                           :
                                           :
                    Plaintiff,             :
                                           :
          v.                               :          C.A. No. 13-359-SLR
                                           :
ARNOLD A. ALLEMANG, AJAY BANGA,            :
JACQUELINE K. BARTON, JAMES A. BELL,       :
JEFF M. FETTIG, JOHN B. HESS, ANDREW N.    :
LIVERIS, PAUL POLMAN, DENNIS H.            :
REILLEY, JAMES M. RINGLER, RUTH G.         :
SHAW, WILLIAM WEIDEMAN, JOE HARLAN,        :
CHARLES KALIL, GEOFFERY MERSZEI, and       :
THE DOW CHEMICAL COMPANY,                  :
                                           :
                    Defendants.            :
                                           :

## STIPULATED [PROPOSED] ORDER
## REGARDING DISMISSAL AND CLOSING THE CASE

WHEREAS, on March 5, 2013, Plaintiff filed a complaint against Defendants in the above-captioned action in the United States District Court for the District of Delaware ("Court") alleging claims related to certain of The Dow Chemical Company's ("Dow") stock option plans and awards thereunder (the "Complaint").

WHEREAS, Defendants moved to dismiss on various grounds, and Plaintiff filed an amended complaint on July 19, 2013 (the "Amended Complaint"), asserting five derivative claims with respect to Dow's Proxy Statement dated May 10, 2012 (the "2012 Proxy Statement" or "2012 Proxy") and a sixth derivative claim for misrepresentations and omissions with respect to Dow's 2007 to 2012 Proxy Statements. Among other claims, Plaintiff alleged in Count III

that, in connection with Dow's 2012 Stock Incentive Plan (the "2012 Plan"), Dow omitted to disclose in the 2012 Proxy the number of eligible participants in the 2012 Plan.

WHEREAS, on August 30, 2013, Defendants moved to dismiss the Amended Complaint on various grounds.

WHEREAS, on March 28, 2014, Dow delivered to its shareholders a notice of the May 15, 2014 annual meeting of shareholders, along with the accompanying proxy statement (the "2014 Proxy"), seeking approval of the Amended and Restated 2012 Stock Incentive Plan ("Restated 2012 Plan"). Acting unilaterally and without consulting Plaintiff, but after the filing of the Amended Complaint, Dow provided disclosures in the 2014 Proxy Statement concerning the number of eligible participants in the Restated 2012 Plan when seeking shareholder approval of that plan. The Restated 2012 Plan is substantively identical to the 2012 Plan, except that the Restated 2012 Plan increases the number of shares available for issuance under the Plan from 44,500,000 to 95,000,000 shares, limits the number of shares that may be granted to any non-employee director in any fiscal year to 15,000, and makes certain other technical changes.

WHEREAS, on May 15, 2014, at the annual meeting of Dow's shareholders, the shareholders approved the Restated 2012 Plan after receiving the 2014 Proxy.

WHEREAS, on September 30, 2014, by Memorandum and Order, the Court granted Defendants' motion and dismissed all of Plaintiff's claims. The Court ruled that the Amended Complaint had failed to successfully plead demand futility with respect to Count VI, but that it did properly allege demand futility with respect to Counts I-V. The Court also ruled that Counts I-V failed to state a claim upon which relief could be granted.

WHEREAS, on October 14, 2014, Plaintiff filed a motion for reconsideration challenging the dismissal of Count III and, on November 11, 2014, the Court granted Plaintiff's motion and vacated the dismissal of Count III.

WHEREAS, on December 16, 2014, Dow filed its Answer to Plaintiff's Amended Complaint, denying the allegations.

WHEREAS, on January 20, 2015, Defendants moved for summary judgment; on March 18, 2015, Plaintiff filed his brief in opposition to Defendants' motion for summary judgment; and on March 25, 2015, Defendants filed a reply brief in further support of their motion for summary judgment.

WHEREAS, on September 30, 2015, in light of ongoing discussions between the parties, the Court stayed the above-captioned action and dismissed the Defendants' motion for summary judgment without prejudice.

WHEREAS, on December 11, 2015, E. I. du Pont de Nemours and Company ("Dupont") and Dow announced that they would combine in a merger of equals (the "Merger"). According to the merger documents, following the merger, all of Dow's voting stock will be held by a new Delaware corporation.  The current stockholders of Dow and DuPont will become the stockholders of the new company, which will change its name to DowDuPont.

WHEREAS, Plaintiff agrees that the actions taken by the Company in the 2014 Proxy, whereby Defendants provided the number of eligible individuals in the Restated 2012 Plan and limited the number of shares that may be granted to any non-employee director in any fiscal year to 15,000, address Plaintiff's claims.  In addition, Plaintiff agrees that when the Merger is consummated Plaintiff will no longer have standing to challenge the mootness of these claims;

WHEREAS, after arm's length negotiations, the parties, through counsel, have agreed that Dow will pay Plaintiff's counsel for the fees and expenses incurred by Plaintiff's counsel in pursuing the above-captioned action in an amount discussed and agreed by and between Dow and Plaintiff and set forth in a separate agreement.  The parties agree that this agreement, while confidential for all other purposes, shall be disclosed to the Court upon the Court's request.

WHEREAS, the parties have not settled, compromised or agreed to a voluntary dismissal of this action within the meaning of Rule 23.1(c) of the Federal Rules of Civil Procedure, and no release of claims is being given to or by Defendants from or to Plaintiff and/or Nominal Defendant;

IT IS STIPULATED AND AGREED by the parties, through their undersigned counsel, that the above-captioned action is dismissed with prejudice as moot.

**FARNAN LLP**                              **MORRIS, NICHOLS, ARSHT & TUNNELL**

/s/ Rosemary Piergiovanni                   /s/ Kenneth J. Nachbar
Rosemary Piergiovanni (Bar No. 3655)        Kenneth J. Nachbar
919 N. Market Street, 12th Floor            1201 North Market Street, 16th Floor
Wilmington, Delaware 19801                  P.O. Box 1347
Tel.: (302) 777-0300                        Wilmington, DE 19899-1347
Fax.: (302) 777-0301                        Tel.: (302) 351-9294
rpiergiovanni@farnanlaw.com                 Fax.: (302) 422-3013
   Counsel for Plaintiff Jeffrey Kaufman    knachbar@mnat.com
                                               Counsel for Defendants


SO ORDERED:

_____
Hon. Sue L. Robinson
United States District Judge

June 17, 2016

4